UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE KIK, an individual, | Case No.:  25-cv-02479-WQH-DDL |
| Plaintiff, | |
| v. | **ORDER** |
| FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees, Costs, and Expenses filed by Plaintiff Pauline Kik. (ECF No. 13.)

## I.       PROCEDURAL HISTORY

On August 14, 2025, Plaintiff Pauline Kik ("Plaintiff") initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, Case No. 25CU043185C. (ECF No. 1-3.) Plaintiff asserts claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 *et seq*., against Defendant Ford Motor Company ("Defendant") arising from her purchase of an allegedly defective automobile on August 10, 2023. *Id.* at ¶¶ 8, 16–56.

On September 19, 2025, Defendant removed the action to this Court. (ECF No. 1.) On the same day, Defendant filed an Answer. (ECF No. 2.)

On November 7, 2025, Plaintiff and Defendant filed a Joint Notice of Settlement informing the Court that the parties "reached a settlement in principle" but that "attorneys' fees, costs, and expenses remain outstanding." (ECF No. 9 at 2.)

On January 30, 2026, Plaintiff filed the pending Motion for Attorneys' Fees, Costs, and Expenses. (ECF No. 13.)

On March 3, 2026, Defendant filed a Response in Opposition. (ECF No. 18.)

On March 5, 2026, Plaintiff filed a Reply and Objections to Defendant's Opposition. (ECF No. 19.)

## II.    CONTENTIONS

In the Motion for Attorneys' Fees, Costs and Expenses, Plaintiff states that, "[o]n or about November 6, 2025, the parties settled the underlying claims when Plaintiff executed Defendant's Fed. R. Civ. P. 68 Offer" (the "Rule 68 Offer"). (ECF No. 13 at 19.) Plaintiff contends that the Rule 68 Offer provides that "Plaintiff is the prevailing party" and that "Plaintiff could ask the Court to award fees and costs, if they could not be resolved informally." *Id*; *see also* ECF No. 13-13 at 3 ("Defendant Ford Motor Company's Offer of Judgment Pursuant to Fed. R. Civ. P. 68").

Plaintiff contends that, on December 10, 2025, her counsel provided an "invoice with fees incurred to date" to Defendant's counsel "along with an offer to discount those fees," but that Defendant rejected the proposed offer. *Id.* at 12–13. Plaintiff contends that her counsel made a subsequent offer on January 12, 2026 with "an even bigger discount on the fees," but that this offer was also rejected. *Id.* at 13.

Plaintiff now moves for an award of attorneys' fees in the amount of $34,387.50. *Id.* at 9–10. Plaintiff contends that a lodestar calculation of her attorneys' fees results in a total of $22,925.00 and that a lodestar multiplier of 1.5 supports her request of attorneys' fees in the total amount of $34,387.50. *Id.* Plaintiff also requests reimbursement of costs and

expenses in the amount of $821.77. *Id.* The total amount sought in the pending motion is $35,208.27. *Id.* at 10.

Plaintiff contends that the request for attorneys' fees is supported by the complexity of this action, the skill of her attorneys, and the contingent-fee arrangement her attorneys used in this case. *Id.* at 19–20, 27. In support, Plaintiff submits the Declaration of Sepehr Daghighian and its related Exhibits. (Daghighian Decl., ECF No. 13-1.) The first exhibit (the "Billing Table") describes the work, hours, rates, and total fees incurred by Plaintiff's counsel for the purposes of calculating the lodestar amount. (Exhibit A to Daghighian Decl., ECF No. 13-2.) The Billing Table describes 38.0 total hours of work performed by two "Associate Attorneys" and two "Partners" and identifies a "Services Subtotal" of $22,925.00 for their legal services. *Id.*

Plaintiff also submits "two neutral and independent surveys" (the "Fee Reports") that purportedly "show that the rates requested match what other consumer rights attorneys charge." (ECF No. 13 at 18; Exhibits B, C to Daghighian Decl. (ECF Nos. 13-3, 13-4).) Plaintiff contends that the calculation of attorneys' fees does not include "charges for paralegal or administrative work" or "hours for partner supervision and inter-office communications." (ECF No. 13 at 18.)

Defendant, in its Opposition, requests that the Court deny the motion "in its entirety" because Plaintiff "unreasonably rejected Ford's pre-litigation repurchase offer" and now moves for an unreasonable award of fees that includes "excessive time entries, duplicative entries, and anticipated work entries." (ECF No. 18 at 4, 14.) Defendant contends that, upon receiving a letter from Plaintiff's counsel demanding replacement of the allegedly defective automobile around July 16, 2025, Defendant "inform[ed] [Plaintiff] of Ford's repurchase approval, including reasonable attorneys' fees and costs." *Id.* at 5. Defendant contends that it "reiterated its repurchase offer," but that Plaintiff's counsel requested an unreasonably large reimbursement of attorneys' fees without supporting documentation. *Id.*

Defendant contends that Plaintiff's request for attorneys' fees is unreasonable because its Billing Table reflects excessive, duplicative, and anticipated work. *Id.* at 8–11. In support, Defendant submits the Declaration of Alyssa M. Abrante and its related Exhibits. (ECF No. 18-1.) The first exhibit identifies the billing entries to which each of Defendant's contentions applies, and requests that the Court decline to award attorneys' fees for 30.1 hours out of the total 38.0 hours reported by Plaintiff. (ECF No. 18-1 at 5–6.) Defendants request that the Court reduce Plaintiff's requested attorneys' fees by a total of $17,912.00 and, instead, award attorneys' fees in the adjusted amount of $5,013.00. *Id.* Defendants also request that the Court decline to apply a lodestar multiplier because this "case was not particularly novel and did not require special expertise," Plaintiff's counsel has not demonstrated that their work on this case precluded them from taking other cases, and any risk from their purported contingency fee arrangement is "mere fiction" because this type of action routinely results in a fee-shifting agreement. *Id.* at 11–14.

### III.  LEGAL STANDARD

When a federal district court exercises diversity jurisdiction over a case, the "law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under the Song-Beverly Act, a prevailing buyer:

> shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d). The Song-Beverly Act requires that a district court "make an initial determination of the actual time expended; and then [] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (Cal. Ct. App. 1994).

"Courts calculate attorneys' fees under § 1794(d) using the 'lodestar adjustment method.'" *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *2 (S.D. Cal. Aug. 10, 2020) (quoting *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (Cal. Ct. App. 2006)). "The lodestar calculation 'begins with a touchstone or lodestar, based on careful compilation of the time spent and reasonable hourly compensation of each attorney.'" *Id.* (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (Cal. 2001)). After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. "[T]he purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.*

"The plaintiff bears the burden of demonstrating that the fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount." *Hellenberg v. Ford Motor Co.*, No. 18cv2202 JM (KSC), 2020 WL 1820126, at *1 (S.D. Cal. Apr. 10, 2020) (citing *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013)). "If the reasonableness of fees is challenged," the opposing party must "demonstrate the hours spent are duplicative or excessive." *Id.* (citing *Premier Med. Mgmt. Sys. v. Cal. Ins. Guar. Assoc.*, 163 Cal. App. 4th 550, 562, 564 (Cal. Ct. App. 2008)).

## IV.    DISCUSSION

### A.    Defendant Ford's Late Filing

As a preliminary matter, the Court considers whether to accept Defendant's untimely Opposition to the pending Motion. Plaintiff filed her motion on January 30, 2026, and indicated the correct hearing date of March 9, 2026 on the cover page of the motion. (ECF No. 13.) Pursuant to the Southern District Court of California Local Rules ("Local Rules"), Defendant was required to file any Response in Opposition no later than February 23, 2026.

25-cv-02479-WQH-DDL

*See* S.D. Cal. Civ. L.R. 7.1.e.2. Defendant untimely filed its Opposition on March 3, 2026. (ECF No. 18.)

Defendant "apologizes to the Court and Plaintiff" for its late filing and requests that the Court consider its contentions. *Id.* at 6–7. Plaintiff replies that the Court should not excuse the violation of the Local Rules because Defendant failed to seek relief under Federal Rule of Civil Procedure 6(b), which states that a district court may provide relief from a deadline for "good cause." (ECF No. 19 at 3 (citing Fed. R. Civ. P. 6(b)(1)).) In the interest of determining the motion on its merits and providing both parties with an opportunity to be heard, the Court finds good cause to permit the late filing of Defendant's Response in Opposition (ECF No. 18) and considers its contentions therein.

### B.    Objections to Defendant's Opposition

In her Reply, Plaintiff raises two objections to the supporting materials attached to Defendant's Opposition. (ECF No. 19-1 at 2–3.) The Court considers her objections.

First, Plaintiff objects that Exhibit A of the Declaration of Alyssa M. Abrante ("Abrante Decl.") filed in support of Defendant's Opposition, (ECF No. 18-1 at 5–7), contains improper argument and lacks foundation. (ECF No. 19-1 at 2.) Alyssa M. Abrante, counsel for Defendant, states in her declaration that the document is "a true and correct copy of a spreadsheet of Plaintiff's billing sheets, Ford's objections, and proposed reductions." (ECF No. 18-1 at 2.) Plaintiff contends that Local Rule 7.1 requires that all contentions "be contained in the memo" submitted with a motion rather than in a supporting declaration. *Id.* Plaintiff cites *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, in which Judge Jinsook Ohta of the Southern District of California "disregarded the improper legal conclusions and argumentative statements" contained in declarations submitted at the summary judgment stage. 632 F. Supp. 3d 1108, 1130 (S.D. Cal. 2022). That case is inapposite. Defendant's Exhibit A is a table that compiles Plaintiff's own Billing Table alongside a brief description of Defendant's contentions, which are also raised in its memorandum of points and authorities. (ECF No. 18-1 at 5–6.) The contentions listed in the "Objection" column are not additional argumentative statements submitted to bolster

25-cv-02479-WQH-DDL

the Opposition; rather, the exhibit serves to identify the contentions raised in Defendant's memorandum of points and authorities and to apply them to the corresponding billing entries. (ECF No. 18 at 7–10.) The Court overrules Plaintiff's objection to Exhibit A and will consider the document insofar as it contains specific applications of Defendant's contentions regarding the reasonableness of requested attorneys' fees.

Second, Plaintiff objects that Exhibits B, C, D, and E of the Abrante Decl. are not relevant under Federal Rule of Evidence 401 and contain settlement negotiations that are inadmissible under Federal Rule of Evidence 408. The Abrante Declaration states that these exhibits are "correspondence" between the parties regarding the potential "replacement of the Subject Vehicle" and discussions regarding attorneys' fees and costs. (ECF No. 18-1 at 2.) The Court finds these exhibits to be irrelevant to its analysis and sustains Plaintiff's objections.

### C. Attorneys' Fees

The Court considers Plaintiff's requested award of attorneys' fees based on the reasonableness of requested rates and hours expended in this action.

#### 1. Reasonable Rates

In determining a reasonable rate for attorneys' fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The relevant community is that in which the district court sits." *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014) (quoting *Weeks v. Kellogg Co.*, No. CV 09-08102(MMM) (RZx), 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013)); *see Butler v. Homeservices Lending LLC*, No. 11-cv-02313-L (MDD), 2014 WL 5460447, at *6 (S.D. Cal. Oct. 27, 2014) ("The survey and reports submitted by both [plaintiff] and [defendant] are irrelevant to the hourly rate inquiry because none of them address the prevailing market rate for attorneys of reasonably comparable skill, experience, and reputation in the Southern District of California.").

"Fee applicants may provide affidavits of practitioners from the same forum with similar experience to establish the reasonableness of the hourly rate sought." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at \*4 (N.D. Cal. Jan. 22, 2020). Courts may also draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Id.* "Once the fee applicant has proffered such evidence" of the prevailing market rate in the community, "the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Nguyen v. BMW of N. Am., LLC*, No. 3:20-CV-2432 JLS (BLM), 2023 WL 173921, at \*2 (S.D. Cal. Jan. 12, 2023) (quoting *Cortes v. Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005)).

Plaintiff contends that the following hourly rates are reasonable:

| Name | Position | Hourly Rate |
|---|---|---|
| Michael Rosenstein | Partner | $700.00 |
| Sepehr Daghighian | Partner | $625.00 |
| Mitchel Brim | Associate Attorney | $550.00 |
| Alastair Hamblin | Associate Attorney | $550.00 |

(Daghighian Decl., ECF No. 13-1 at 2–5; Billing Table at 5.) Plaintiff contends that these hourly rates are reasonable based on her attorneys' "extensive experience in lemon law litigation." (ECF No. 13 at 18.) Plaintiff also submits the Fee Reports, which include the "United States Consumer Law Attorney Fee Survey Report 2017–2018" and the "2021 Real Rate Report," in support of her request. (ECF Nos. 13-3, 13-4.) Defendant does not raise specific contentions regarding the reasonableness of the hourly rates for Plaintiff's counsel. (ECF No. 18.) Defendant refers to "inflated rates" in its Opposition, but contends that it is the number of hours expended—rather than the rates charged—that renders Plaintiff's fee request unreasonable. *Id.* at 10; *see also* ECF No. 18-1 at 5–6 (objecting to nearly every billing entry on the basis that the "[r]ate [is] too high for routine litigation type of work performed).

25-cv-02479-WQH-DDL

In cases related to allegedly defective automobiles, federal courts in this district have recently approved hourly rates between $225 to $600. *See Moron v. Gen. Motors LLC*, No. 3:25-CV-02458-H-BLM, 2026 WL 357534, at *3 (S.D. Cal. Feb. 9, 2026) (approving hourly rates of $450 to $545 for attorneys with seven to ten years of practice and adjusting the hourly rate for an attorney with three years of practice to $250); *Cabrera v. Ford Motor Co.*, No. 23-CV-1775-WQH-LR, 2025 WL 2462442, at *4–*6 (S.D. Cal. Aug. 26, 2025) (approving hourly rates for attorneys between $395 and $595); *Garcia v. Ford Motor Co.*, No. 22-CV-1474-GPC, 2023 WL 3961090, at *4 (S.D. Cal. June 12, 2023) (approving hourly rates for attorneys between $475 and $605); *Hellenberg v. Ford Motor Co.*, No. 18CV2202 JM (KSC), 2020 WL 1820126, at *3 (S.D. Cal. Apr. 10, 2020) (approving hourly rates between $350 and $550 for partners and between $275 and $375 for associate attorneys); *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *4 (S.D. Cal. Aug. 10, 2020) (approving hourly rates of $350 for partners and $225 for associate attorneys). Here, Plaintiff requests hourly rates that exceed the upper end of the range of rates typically awarded by courts in this district for similar cases. The Court finds reason to revise the requested rates downward based on the experience of each attorney.

Plaintiff's counsel makes the following declarations regarding the experience of attorneys who worked on this case. Michael Rosenstein has "30+ years of litigation experience" and has "litigated hundreds of lemon law matters" in California. (Daghighian Decl. at 3–4.) Sepehr Daghighan has "20+ years of litigation experience." *Id.* at 3. Brian Shippen-Murray and Alastair Hamblin, the associate attorneys, have both been "actively prosecuting lemon law cases . . . since 2015." *Id.* at 4. Based on their experience, the reasonable hourly rates for Plaintiff's attorneys should be revised to the higher end of the range of rates awarded in similar actions. The Court adjusts the hourly rates of Plaintiff's counsel as follows for the purpose of determining a reasonable award of attorneys' fees:

///

///

25-cv-02479-WQH-DDL

| Name | Position | Adjusted Rate |
|---|---|---|
| Michael Rosenstein | Partner | $605.00 |
| Sepehr Daghighian | Partner | $605.00 |
| Mitchel Brim | Associate Attorney | $475.00 |
| Alastair Hamblin | Associate Attorney | $475.00 |

### 2. Hours Expended

Plaintiff contends that the number of hours that her counsel expended is reasonable based on the work required to litigate this action. (ECF No. 13 at 14.) Plaintiff also contends that her calculation of hours expended is reasonable because it "doesn't list charges for paralegal or administrative work" and omits hours for "partner supervision and inter-office communications." (ECF No. 13 at 18.) Plaintiff submits the Billing Table with detailed entries in support of her contentions. (ECF No. 13-2.) The total number of hours expended by each attorney is described here:

| Name | Position | Hours Expended |
|---|---|---|
| Michael Rosenstein | Partner | 11.5 |
| Sepehr Daghighian | Partner | 4.0 |
| Mitchel Brim | Associate Attorney | 12.4 |
| Alastair Hamblin | Associate Attorney | 11.5 |

*Id.* at 5.

The prevailing party is entitled to "an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quotation omitted). "A fee applicant must provide records documenting the tasks completed and the amount of time spent." *Scott v. Jayco Inc.*, No. 1:19-cv-0315 JLT, 2021 WL 6006411, at *2 (E.D. Cal. Dec. 20, 2021) (citing *Hensley*, 461 U.S. at 424). "If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct

an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut.'" *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)). The court may exclude "hours that are excessive, redundant, or otherwise unnecessary." *Yarovoy v. Tesla Motors, Inc.*, No. 23-cv-04182-JSC, 2024 WL 2412547, at \*4 (N.D. Cal. May 22, 2024) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

### i.   **Excessive Billing**

Defendant contends that the Billing Table contains "unreasonably excessive billing entries" in the amount of 15.4 hours. (ECF No. 18 at 8–9.) In its supporting exhibit, Defendant identifies: (1) Michael Rosenstein billing 1.1 hours for reviewing documents, analyzing causes of action under the Song-Beverly Act, and drafting the Complaint on August 14, 2025; (2) Mitchel Brim billing 1.3 hours for drafting correspondence to opposing counsel on October 9, 2025; (3) Mitchel Brim billing 2.5 hours for drafting and revising a Joint Discovery Plan on October 31, 2025; (4) Mitchel Brim spending 0.5 hours drafting and revising a Joint Notice of Settlement; (5) Michael Rosenstein billing 3.5 hours for conducting legal research and drafting a memorandum related to remedies under the Song-Beverly Act on January 17, 2025; (6) Alastair Hamblin billing 0.6 hours for auditing bills in preparation for the pending motion for attorneys' fees; (7) Alastair Hamblin billing 4.5 hours for drafting the pending motion for attorneys' fees; and (8) Sepehr Daghighian billing 1.4 hours for finalizing the pending motion for attorneys' fees. *Id.*; *see also* ECF No. 18-1 at 5–6.

Defendant contends, specifically, that Michael Rosenstein billing 3.5 hours for conducting research and drafting a memorandum on January 17, 2025 is unreasonable in light of his extensive experience with cases involving claims under the Song-Beverly Act and that Mitchel Brim billing 1.3 hours for corresponding with opposing counsel is unreasonable because the correspondence was "merely a copy-and-paste non-confidential version of the internal summaries that the firm had already completed." (ECF No. 18 at 8–9.)

25-cv-02479-WQH-DDL

The time expended for each of these billing entries is commensurate with the work described. *See, e.g.*, *Moron*, 2026 WL 357534, at *4 (finding 0.9 hours reasonable to draft a complaint); *Cabrera*, 2025 WL 2462442, at *11 (finding 5 hours reasonable to draft a motion for attorneys' fees). The Billing Table provides sufficient information for the Court to review the reasonableness of each entry. For those two entries that Defendant addresses in its Opposition in greater detail, the Court does not find adequate basis to revise the amount of time spent by Plaintiff's counsel. The Court declines to adjust the hours expended based on "excessive" billing entries. (ECF No. 18 at 8.)

## ii.    **Duplicate Entries**

Defendant contends that the Billing Table contains "duplicative billing entries" in the amount of 5.2 hours. (ECF No. 18 at 9–10.) Defendant identifies: (1) Michael Rosenstein billing 1.1 hours for reviewing Plaintiff's purchase documents on August 14, 2025, and Mitchel Brim billing 2.3 hours for "analyzing the same six repair orders of the Vehicle and bill[ing] an additional 1.5 hours for preparing a summary of the same" on September 23, 2025; (2) Mitchel Brim billing 0.6 hours for reviewing documents related to the vehicle purchase on September 23, 2025; (3) Michael Rosenstein billing 0.2 hours for reviewing Defendant's Rule 68 Offer and Mitchel Brim billing 0.3 hours for the same task on November 6, 2025; and (4) Michael Rosenstein billing 0.5 hours for email correspondence with opposing counsel on December 30, 2025. *Id.*; *see also* ECF No. 18-1 at 5–6.

"[T]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Caccamise v. Credit One Bank, N.A.*, No. 18-CV-971 JLS (BLM), 2020 WL 804741, at *7 (S.D. Cal. Feb. 18, 2020) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir. 1989)). Here, Defendants fail to establish why the few billing entries that reflect similar work performed by multiple attorneys were unnecessary to litigate this case. The Court declines to adjust the hours expended by Plaintiff's counsel on the basis that their efforts were duplicative or unnecessary.

/ / /

### iii.   **Anticipated Work**

Defendant contends that the Billing Table contains anticipated work, including for "preparing and attending the further Settlement Disposition hearing, reviewing Defendant's Opposition to Plaintiffs' Motion, drafting a Reply in support of the Motion, and preparing for and appearing at the hearing for the Motion," totaling 9.5 hours. (ECF No. 18 at 10.)

The Billing Table contains three entries that describe "anticipated" work. (Billing Table at 4.) First, Plaintiff's counsel anticipates that Michael Rosenstein will spend 2 hours preparing for and attending a Settlement Disposition Conference. *Id.* Second, Plaintiff's counsel anticipates that Alastair Hamblin will spend 5 hours drafting a Reply to Defendant's Opposition to the pending motion. *Id.* The Court concludes that both "anticipated" entries are reasonable, especially in light of the Reply that Plaintiff ultimately filed. *See Moron*, 2026 WL 357534 at *5 (awarding 10 hours of fees incurred in drafting a motion for attorneys' fees); *Cabrera*, 2025 WL 2462442 at *11 (awarding 5 hours of fees incurred in drafting a motion for attorneys' fees). The third entry, however, describes 2.5 hours that Sepehr Daghighian anticipates to spend in connection with a hearing on the pending motion. Billing Table at 4. The Court did not hold a hearing prior to issuing this Order. Accordingly, the Court reduces the hours expended by Sepehr Daghighan by 2.5.

After the adjustment described above, the total number of hours expended by each attorney is reflected here:

| Name | Position | Adjusted Hours |
|---|---|---|
| Michael Rosenstein | Partner | 11.5 |
| Sepehr Daghighian | Partner | 1.5 |
| Mitchel Brim | Associate Attorney | 12.4 |
| Alastair Hamblin | Associate Attorney | 11.5 |

/ / /

/ / /

/ / /

### 3. Lodestar Multiplier

Plaintiff contends that the Court should apply a lodestar multiplier of 1.5 to its calculation of attorneys' fees because her counsel handled this case on a contingency basis, which creates a "real genuine risk of outlaying tens of thousands of dollars in fees and costs without recovery" and requires "absorb[ing] significant delay in being paid if Plaintiff does win." (ECF No. 13 at 25–28.)

Defendant contends that the Court should not apply a lodestar multiplier because this case was "not particularly novel and did not require special expertise," Plaintiff's counsel was not "precluded from taking other employment opportunities" by taking on this case, and Plaintiff's counsel did not assume unreasonable risk by taking on this case on a contingency fee basis. (ECF No. 18 at 11–14.)

"The lodestar amount is considered presumptively reasonable, and only the 'rare' or 'exceptional' case will justify an upward adjustment." *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1207 (C.D. Cal. 2022) (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000)). Courts generally consider four factors when determining whether to add a "multiplier" or "enhancement" to the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1230 (C.D. Cal. 2020) (quoting *Ketchum*, 24 Cal. 4th at 1128).

The Court does not find reason to add a lodestar multiplier to the attorneys' fees in this action. This case did not involve unusually complex legal issues and did not appear to impose such a burden on Plaintiff's counsel that they might be expected to have declined other cases. The time, skill, and complexity required to litigate this action are reflected in the lodestar amount. The Court declines to apply a lodestar multiplier. *See Moron*, 2026 WL 357534, at *6 (declining to award a lodestar multiplier in a "routine" case arising under the Song-Beverly Act); *Cabrera*, 2025 WL 2462442, at *12 (declining to award a lodestar multiplier "given the routine nature of th[e] case and the lack of novel or complex issues");

*Rahman*, 594 F. Supp. 3d at 1207 (declining to award a lodestar multiplier in a "largely routine lemon law case").

### 4. Summary of Attorneys' Fees

Based on the adjustments made in the preceding analysis, the following table reflects the reasonable hours spent and hourly rates for Plaintiff's counsel:

| Name | Position | Adjusted Hours | Adjusted Rate |
|---|---|---|---|
| Michael Rosenstein | Partner | 11.5 | $605.00 |
| Sepehr Daghighian | Partner | 1.5 | $605.00 |
| Mitchel Brim | Associate Attorney | 12.4 | $475.00 |
| Alastair Hamblin | Associate Attorney | 11.5 | $475.00 |

The total amount of attorneys' fees to be awarded to Plaintiff's counsel is $19,217.50.

### D. Costs and Expenses

Plaintiff requests costs and expenses in the amount of $821.77. (ECF No. 13 at 10; *see* Daghighian Decl. at 4–5 (compiling expenses in a table with brief descriptions).) Plaintiff contends that the Song-Beverly Act provides that a prevailing party may recovery "costs and expenses." (ECF No. 13 at 28 (citing Cal. Civ. Code § 1794(d)).) Plaintiff also contends that the cost-recovery provisions of the Song-Beverly Act, rather than Federal Rule of Civil Procedure 54(b), should guide the Court's analysis regarding recovery of costs and expenses. *Id.* at 29.

Defendant contends that Plaintiff "failed to submit a Bill of Costs with the Court and, instead, lodged a request for costs in the body of her Motion" in violation of the Local Rules. (ECF No. 18 at 14 (citing S.D. Cal. Civ. L.R. 54.1).) Defendant also contends that, if the issue of costs and expenses is "properly before the Court," the request is also unreasonable because the costs were incurred after "Plaintiff rejected Ford's prelitigation repurchase offer." *Id.* Plaintiff responds that the Rule 68 Offer to which the parties agreed

"didn't require Plaintiff to file a separate Bill of Costs," and that Local Rule 54.1(a) permits the parties to "stipulate around the general rule" that a Bill of Costs must be filed.

Under the Song-Beverly Act, a prevailing plaintiff may recover "a sum equal to the aggregate amount of costs and expenses." Cal. Civ. Code § 1794 (d). The requirements of Local Rule 54.1 do not limit Plaintiff's ability to recover costs sought under the Song-Beverly Act and the terms of the parties' Rule 68 Offer. *See Holcomb v. BMW of N. Am., LLC*, No. 18CV475 JM (BGS), 2020 WL 759285, at *8 (S.D. Cal. Feb. 14, 2020) ("The costs and expenses available to Plaintiffs are not limited by Rule 54(d) or by Local Rule 54.1. . . . Additionally, both Rule 54(d) and Local Rule 54.1 are based on an entry of judgment, which has not occurred here."). Here, the Rule 68 Offer does not provide a limitation on fees and costs incurred after acceptance of the offer. (ECF No. 13-3 at 3.) Plaintiff provides adequate support for its expenses incurred in service of the summons and complaint. (Billing Table at 4–5.) The Court concludes that Plaintiffs are entitled to recover $821.77 in costs and expenses.

## V.    CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 13) is granted, as follows. The Court awards Plaintiff $19,217.50 in attorneys' fees and $821.77 in costs and expenses, for a total amount of $20,039.27.

Dated:  April 6, 2026

Hon. William Q. Hayes
United States District Court

16

25-cv-02479-WQH-DDL